USCA1 Opinion

 

 [Not for Publication] United States Court of Appeals For the First Circuit ____________________ No. 96-2054 FRANCES L. CRAWFORD, Petitioner, v. UNITED STATES DEPARTMENT OF LABOR AND BATH IRON WORKS CORPORATION, Respondent. ____________________ PETITION FOR REVIEW OF AN ORDER OF THE BENEFITS REVIEW BOARD, DEPARTMENT OF LABOR ____________________ Before Stahl, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Gary Gabree with whom Stinson, Lupton, Weiss & Gabree, P.A. was ___________ _______________________________________ on brief for petitioner. Stephen Hessert with whom Norman, Hanson & DeTroy was on brief ________________ ________________________ for respondent. ____________________ January 27, 1997 ____________________ Per Curiam. Petitioner Frances L. Crawford seeks Per Curiam __________ review of a final order of the Benefits Review Board ("the Board") affirming a decision of an administrative law judge ("ALJ") that denied her claim for disability benefits under the Longshore and Harbor Workers' Act ("the Act"), 33 U.S.C. 901 et seq. The ALJ's decision was affirmed as a matter __ ____ of law when the Board did not act on the appeal within a year.1 Thus, the Board left undisturbed the ALJ's ruling that Crawford was not entitled to benefits under the Act because she fell within the occupational status exclusion set forth in 33 U.S.C. 902(3)(A) (excluding from term "employee" "individuals employed exclusively to perform office clerical, secretarial, security, or data processing work"). "[T]he ALJ's findings of fact are conclusive if supported by substantial evidence in the record considered as a whole." Levins v. Benefits Review Bd., U.S. Dep't of ______ _____________________________________ Labor, 724 F.2d 4, 6 (1st Cir. 1984). We may, however, _____ review the Board's order for errors of law. See id. Here, ___ ___ the ALJ supportably found that, as a "computer operator clerk," Crawford spent most of her time in front of a computer terminal and the rest filing and carrying magnetic tapes to and from the computer room. Her subsequent position  ____________________ 1. See Omnibus Appropriations for Fiscal Year 1996, Pub. L. ___ No. 104-134 (enacted April 26, 1996). -2- 2 as a "technical clerk" required her to file, roll and catalogue blueprints, take blueprints to a reproduction office and to the mailroom of the Supervisor of Shipbuilding's office, and to read blueprint measurements over the telephone to engineers when they did not have the blueprints with them. Such duties indicate that Crawford plainly falls within the "clerical employee" exclusion found in 33 U.S.C. 902(3)(A). Affirmed. Affirmed. _________ -3- 3